UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN MATHEWS | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. |
| COMPASS GROUP USA, INC. d/b/a CHARTWELLS HIGHER EDUCATION | ) ) ) ) |
| Defendant. | ) ) |

## NOTICE OF REMOVAL

Defendant, Compass Group USA, Inc. d/b/a Chartwells Higher Education ("Defendant" or "Compass"), hereby removes this action which is currently pending in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana. In support of this removal, Defendant states as follows:

### BACKGROUND

1.

This civil action, originally entitled *John Mathews v. Board of Supervisors of Louisiana State University and Agricultural & Mechanical College d/b/a Louisiana State University at Alexandria*, was filed on June 14, 2022, in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana, bearing Civil Case No. C-720108. Compass was not named as a party in the initial Petition. Subsequently, Plaintiff John Mathews filed an Amended Petition on July 7, 2022 for the first time naming Compass as a party-defendant. At the same time, Mathews requested the voluntary dismissal of Defendant LSU at Alexandria. The Nineteenth Judicial District Court granted this request and dismissed LSU at Alexandria on July 12, 2022 and

ordered the caption of the matter going forward to be: *John Mathews v. Compass Group USA, Inc. d/b/a Chartwells Higher Education.*

2.

Compass was served with the Amended Petition on August 3, 2022. **Exhibit "A".** This Notice of Removal is timely filed within thirty days of the date of such service. In an abundance of caution, this Notice of Removal is also timely because less than 30 days have elapsed since Plaintiff filed his (a) Amended Petition adding Compass and (b) Voluntary Motion to Dismiss LSU at Alexandria in the state court action rendering the case removable on diversity grounds.

3.

Removal is proper to the Middle District Court under 28 U.S.C. 1441(a) ("any civil action …may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.")[1]

4.

In accordance with 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders filed in the Nineteenth Judicial District Court are attached *in* globo hereto as **Exhibit "A"**, and constitute all process, pleadings, and orders received by Defendant.

---

[1] Following the naming of Compass and dismissal of LSU-Alexandria, venue became <u>improper</u> in the Nineteenth Judicial District Court pursuant to La. R.S. 23:303A ("the venue shall be the district court in the parish in which the alleged violation occurred."). The Amended Petition states that: "[t]he acts complained of in this Complaint occurred in Rapides Parish, State of Louisiana." Amended Petition at ¶8. Defendant does not waive proper venue and intends to file a motion requesting that this matter be transferred to the Western District of Louisiana (which encompasses Rapides Parish).

5.

The Court has jurisdiction over this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.

Plaintiff is a citizen of Louisiana.[2] Compass is incorporated in the State of Delaware and maintains its principal place of business in the State of North Carolina.[3]

7.

The district courts of the United States have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, pursuant to 28 U.S.C. § 1332. The Amended Petition alleges that Plaintiff seeks compensation for past and future mental anguish, medical expenses, and wage related damages including back pay, front pay, lost benefits, and reimbursement for training. In addition, he seeks punitive damages. Mathews also seeks damages for discrimination under state law wherein there is no statutory cap for compensatory damages.

8.

Plaintiff has not invoked La. Code Civ. Proc. art. 893(A)(1) to avoid the jurisdiction of this Court by representing that the amount in controversy does not exceed $75,000.

9.

Courts recognize that a plaintiff's failure to avail itself of the procedure in La. Code Civ. Proc. art. 893(A)(1) is relevant in determining whether a removing defendant met its burden that the amount in controversy exceeded the jurisdictional amount. *See, e.g., Powell Lopez v. Ford*

---

[2] Amended Petition at ¶5.
[3] Declaration of Stephanie Smith at ¶2 (**Exhibit "B"**).

*Motor Company, Inc.,* 1998 WL 164852, *2 (E.D. La.) ("[u]nder Fifth Circuit jurisprudence, plaintiffs wanting to prevent removal should file a binding stipulation or affidavit with their petition – not post removal. Alternatively, Louisiana plaintiffs can allege that their claims do not exceed the jurisdictional minimum of the federal courts pursuant to La. Cod Civ. Proc. art. 893(A)(1)."); *Adriatic, Inc. v. Western Geophysical Company,* 1996 WL 426570, *2 (E.D. La.) ("Louisiana law also provides that plaintiffs may allege that their claims do not exceed the . . . jurisdictional minimum of federal courts. Plaintiffs did not do this."); *Friscard v. Bellsouth Telecommunications, Inc.*, 898 F.Supp. 369, 370 (E.D. La. 1995) ("La. Code Civ. Proc. art. 893 allows the pleading of a specific amount of damages to establish 'the lack of jurisdiction of federal courts due to insufficiency of damages.' Plaintiff did not avail himself of this opportunity."); *Smith v. Wal-Mart Stores, Inc.*, 1995 WL 716773, *2 (E.D. La.).

10.

In addition, after filing this matter, Plaintiff provided a detailed settlement demand calculating his purported damages as of April 6, 2022.[4] A settlement proposal is "valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (citing *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th. Cir. 1994)). Furthermore, the Fifth Circuit has noted that a "plaintiff's settlement offer is ordinarily less than the damages plaintiff expects to receive if victorious at trial, because the offer is obviously discounted by the risk of an outright loss at trial." *Pollet v. Sears Roebuck and Co.*, 2002 WL 1939917 at *2 n.5 (5th. Cir. 2002).

11.

Mathews' initial settlement demand is for $225,080.00.[5] In it, he seeks non-economic damages in the amount of $200,000. Thus, even reducing the compensatory/punitive award by fifty percent, the amount in controversy clearly exceeds $75,000. *See, e.g. Williams v. Trader Publishing Co.*, 218 F.3d 481 (5th Cir. 2000) (plaintiff who alleged she was a victim of gender discrimination when terminated by her employer awarded damages of $100,000 for pain and suffering in addition to back pay and future earnings).

12.

In addition, Plaintiff seeks economic damages and attorney's fees (which are available under La. R.S. 23:303(a)). Courts in this Circuit have awarded fees in discrimination cases that equal or exceed approximately half the total amount in controversy. *Gilmore v. Audubon Nature Inst., Inc.,* 353 F.Supp. 3d 499, 516 (E.D. La. 2018) (award in ADEA action of $33,958.37); *Stevenson v. LaSalle Corr. Transp., LLC,* 2015 WL 11120728 * 6-7 (N.D. Tex.Apr. 21, 2015) (Title VII fee award of $75,381); *Hadley v. VAM PTS,* 44 F.3d 372, 375-76 (5th Cir. 1995) (affirming an award of $50,000 in fees under Title VII).[6]

13.

Finally, Plaintiff's settlement demand also provides a lost wage estimate which includes mitigation. His request for back pay and one-year of front pay amounted to $10,080.00 as of April 6, 2022. This amount is likely to increase between now and trial depending on Plaintiff's work situation.

---

[4] Declaration of Stephanie Smith at ₱5 (**Exhibit "B"**).
[5] Declaration of Stephanie Smith at ₱5 (**Exhibit "B"**). Defendant has redacted the demand letter except as necessary to show the amounts of Plaintiff's offer. Defendant will submit an unredacted copy of the offer in the event requested by the Court.
[6] At the time of the settlement demand, Plaintiff claimed $15,000 in fees.

14.

In short, calculating all damages available and expressly sought under the state anti-discrimination law, the amount in controversy is clearly met.

15.

This Notice of Removal will be served upon Plaintiff and a copy of the Notice of Removal will be filed with the Clerk of Court for the Nineteenth Judicial District Court, Parish of East Baton Rouge, Louisiana, upon receipt of the Civil Action number to effect the removal of this civil action to the Honorable Court as provided by law.

16.

Accordingly, this action is properly removed from the Nineteenth Judicial District Court for the Parish of East Baton Rouge where it is now pending, to the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. § 1441(b).

17.

This Notice of Removal is executed pursuant to Fed. R. Civ. P. 11.

WHEREFORE, Compass prays that this Notice of Removal be accepted as good and sufficient, that the aforesaid Amended Petition be removed from the state court to this Honorable Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in said civil action from said state court, and thereupon proceed with this civil action as if it had originally been commenced in this Court.

Respectfully submitted,

*/s/ Larry J. Sorohan*
TIMOTHY H. SCOTT
 La. Bar No. 21373
LARRY J. SOROHAN
 La. Bar No. 26120
**FISHER & PHILLIPS LLP**
201 St. Charles Ave., Suite 3710
New Orleans, LA 70170
Telephone: (504) 522-3303
Facsimile: (504) 529-3850
Email: tscott@fisherphillips.com
Email: lsorohan@fisherphillips.com

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice of Removal, was filed on the 5th day of August 2022 using the Court's electronic filing system and will be served on the below counsel of record using the same:

James E. Sudduth, III
Sudduth & Associates, LLC
1109 Pithon Street
Lake Charles, LA 70601
Email: james@saa.legal

*/s/ Larry J. Sorhan*
Larry J. Sorohan