TX Result Report

P    1
06/14/2022  15:16
Serial No.   AC75011000372
TC:    106755

| Addressee | Start Time | Time | Prints | Result | Note |
|---|---|---|---|---|---|
| 913374190507 | 06-14 15:16 | 00:00:31 | 001/001 | OK | |

Note    TMR:Timer TX, POL:Polling, ORG:Original Size Setting, FHE:Frame Erase TX, DSP:Page Separation TX, MIX:Mixed Original TX, CALL:Manual TX, CSRC:CSRC, FWD:Forward, F-FAX, DBD:Double-Sided Binding Direction, SO:Special Original, FCODE:F-code, RTXING-TX, RLY:Relay, MBX:Confidential, BUL:Bulletin, IPADR:IP Address Fax, I-FAX:Internet Fax IP-FAX: IP-FAX(SIP)

Result    OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF, TEL:TX from Tel, OTHER:Other Error, Cont: Continue, No ans: No Answer, Refuse:  Receipt Refused, Busy: Busy, M-Full:Memory Full, LOVR:Receiving length Over, POVR:Receiving page Over, FIL:File Error, DC:Decode Error, MDN:MDN Response Error, DSR:DSN Response Error, PRINT:Compulsory Memory Document Print, DEL:Compulsory Memory Document Delete, SEND:Compulsory Memory Document Send.



## Doug Welborn
Clerk of Court
19th Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

**FAX RECEIPT**

**FROM: SUIT ACCOUNTING DEPARTMENT**

**FAX NUMBER: (225) 389-3392**

**To: JAMES E. SUDDUTH, III**

Date: JUNE 14, 2022

Suit No.: C-720108

Section: 31

**JOHN MATHEWS VS  BOARD OF SUPERVISORS OF LOUISIANA STATE UNVERSITY AND AGRICULTURAL & MECHANICAL COLLEGE D/B/A LOUISIANA STATE UNIVERSITY AT ALEXANDRIA**

Total Amount Due (includes all applicable fees below) $730.00

| | |
|---|---|
| 901-COVER LETTER | 5 PAGES |
| 1002-PET- DAMAGES -CIV | 1 PAGE |
| 5004-REQUEST NTC-CV | 1 PAGE |
| 5011-EXHIBIT-CV | 6 PAGES |

The Clerk's office received the above mentioned documents by facsimile transmission dated 6/14/22, document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days, exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S) TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING CLERK OF THE PREVIOUS FAX FILING.**

*Ayauna Collins*

*Deputy Clerk of Court for*
*Doug Welborn, Clerk of Court*

Suit Accounting Dept. Form #6 Rev. 04/26/16

**Exhibit A**

EAST BATON ROUGE PARISH  C-720108
Filed Jun 14, 2022 3:04 PM        31
Deputy Clerk of Court

| | | |
|---|---|---|
| **JOHN MATHEWS** | § | **19th JUDICIAL DISTRICT COURT** |
| | § | |
| v. | § | **PARISH OF EAST BATON ROUGE** |
| | § | |
| **BOARD OF SUPERVISORS OF** | § | **STATE OF LOUISIANA** |
| **LOUISIANA STATE UNIVERSITY** | § | |
| **AND AGRICULTURAL &** | § | |
| **MECHANICAL COLLEGE D/B/A** | § | |
| **LOUISIANA STATE UNIVERSITY** | § | |
| **AT ALEXANDRIA** | § | |
| | § | |
| **FILED:** _____ | § | **DEPUTY CLERK OF COURT** |

## PLAINTIFF'S ORIGINAL PETITION

NOW COMES Plaintiff, **JOHN MATHEWS**, through undersigned counsel, who files his Original Complaint against Defendant, **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL & MECHANICAL COLLEGE d/b/a LOUISIANA STATE UNIVERSITY AT ALEXANDRIA**. Plaintiff hereby states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Louisiana Employment Discrimination Law "LEDL" as it appears at La. Rev. Stat. Ann. § 23:332 *et seq.*

2. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on or about February 17, 2022 (Charge No. 461-2022-00960).

3. The EEOC issued its Notice of Suit Rights on March 17, 2022. *See* Exhibit A. Plaintiff is afforded 90 days from his receipt of such Notice to commence suit, and the date of this filing is within the statutory period.

4. Venue is appropriate in this judicial district pursuant to La. R.S. 13:5104 because Plaintiff brings this suit against an arm of the state of Louisiana and the state capitol is located herein.

### PARTIES

5. Plaintiff is a citizen of the United States and resides in the City of Alexandria, State of Louisiana.

6. Plaintiff is African American and, as such, is a member of a protected class.

7. Plaintiff is a male and, as such, is a member of a protected class.

1

**Exhibit A**

8. Defendant, **BOARD OF DIRECTORS FOR LOUISIANA STATE UNIVERSITY AND AGRICULTURAL & MECHANICAL COLLEGE ("LSU"),** represents a public university located in Baton Rouge, Louisiana. The acts complained of in this Complaint occurred in Rapides Parish, State of Louisiana, where LSU performs a significant amount of business through its Alexandria location, Louisiana State University at Alexandria ("LSUA"). At all times relevant to Plaintiff's employment, LSUA was Plaintiff's acting employer.

9. At certain times relevant to this suit, Plaintiff worked as a temporary, part-time cook for Defendant at its location in Alexandria, Louisiana, earning $12.00 per hour.

## FACTUAL ALLEGATIONS

10. Plaintiff began his employment with LSUA in July 2021.

11. Plaintiff was originally hired by a LSUA Chef, Chris Fett ("Fett") (Caucasian) as a temporary employee through an employment agency, LGC Associates, LLC ("LGC").

12. Fett explicitly told Plaintiff that, after he accumulated three-hundred (300.00) hours of employment for LSUA, Fett would purchase Plaintiff's contract from LCG so that he could roll over to a full-time cook position with LSUA.

13. Plaintiff accumulated the required three-hundred (300.00) hours to become eligible for full-time employment with LSUA on or about December 22, 2021. As a full-time employee, Plaintiff would earn two (2) dollars more per hour or $14.00 per hour.

14. On December 23, 2021, Fett met with the full-time Head Cook, Larry Brooks (African-American), the full-time Cook, Earl Long (African-American), and the full-time Cook/Evening Manager, Marco Johnson (African-American). During the meeting, Fett informed the individuals that Fett was going to hire Plaintiff as a full-time cook due to his exemplary work performance.

15. Following the December 23, 2021 meeting, Fett instructed Plaintiff to submit an online employment application for full-time status, which Plaintiff completed on or about December 29, 2021.

16. Following Plaintiff's submission of his application for full-time employment, Plaintiff informed Fett of the same via text message at 3:43 p.m.

2

**Exhibit A**

17. At 3:52 p.m., and to the express contrary of all prior statements and assertions made by
Fett, Fett stated, "I'm not hiring, and I am doing away with all black male temp workers."
*See* Exhibit B.

18. At the time of Fett's text message stating that Fett was "doing away with all black male
temp workers," Plaintiff was the only male temporary worker.

19. Following Plaintiff's receipt of Fett's text message, Plaintiff contacted LGC. At that time,
Plaintiff learned from LGC representative, Latasha LNU, that LSUA had altogether
terminated Plaintiff's employment.

20. As of January 4, 2022, LSUA maintained an Indeed posting for the open, full-time cook
position Fett had promised to Plaintiff upon his completion of three-hundred (300.00) work
hours.

**FIRST CAUSE OF ACTION:**
**RACIAL DISCRIMINATION IN EMPLOYMENT**
*Pursuant to La Rev. Stat. Ann § 23:332 et seq.*

21. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

22. Under the LEDL, it is an unlawful employment practice for an employer to discharge any
individual, or otherwise to discriminate against any individual with respect to his
compensation, terms, conditions, or privileges of employment, because of such individual's
race, color, religion, sex, or national origin. La. R.S. 23:332(A).

23. Defendant is an "employer" subject to the provisions of the LEDL. At all relevant times,
LSUA was an entity engaged in an industry affecting commerce who had twenty or more
employees for at least twenty (20.0) weeks in 2020 and/or 2021.

24. Plaintiff is African-American and is therefore a member of a protected class.

25. Plaintiff was amply qualified for the position as both part-time and, upon accumulating
three-hundred (300.00) work hours, as a full-time cook. Plaintiff possessed in excess of
twenty (20) years in the field, and he obtained and maintained all required trainings and
certifications.

26. Plaintiff was denied equal employment opportunities to that of non-African-American,
non-male employees. As such, Plaintiff suffered an adverse employment action for
purposes of establishing a Title VII claim.

3

**Exhibit A**

27. LSUA refused to hire Plaintiff for the full-time cook position and altogether terminated his employment in late December 2020. As such, Plaintiff suffered two (2) adverse employment actions for purposes of establishing a Title VII claim.

28. Upon good information and belief, based on disparate treatment, Plaintiff alleges that he was subjected to unlawful discrimination on the basis of his race. Plaintiff was expressly informed by LSUA personnel that, despite prior assertions to the contrary, he would not be hired for the full-time cook position because Fett was "doing away with all black male temp workers."

29. Plaintiff's race, African-American, was a determining factor in treating Plaintiff less favorably than Non-African American and/or Non-male individuals.

30. LSUA actions were willful, intentional, or were otherwise committed with deliberate indifference to the protected rights of Plaintiff.

31. Wherefore Plaintiff asks this Honorable Court to find LSUA liable for the violation of the Louisiana Employment Discrimination Law.

---

## PRAYER

---

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant providing the following relief:

(a) All damages to which Plaintiff may be entitled, including but not limited to back pay, reimbursement for lost position and training, social security and other benefits, front pay, and any and all statutory relief;

(b) Reasonable attorney's fees, with conditional awards in the event of appeal;

(c) Pre-judgment interest at the highest rate permitted by law;

(d) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

(e) Costs, including expert fees;

(f) Reasonable and necessary medical care and expenses in the past and future;

(g) Mental anguish damages in the past and future;

(h) Punitive or exemplary damages;

(i) Injunctive relief; and

(j) Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

4

**Exhibit A**

Respectfully Submitted,

**SUDDUTH & ASSOCIATES, LLC**
1109 Pithon St.
Lake Charles, Louisiana 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
Email: james@saa.legal

BY: _____
**JAMES E. SUDDUTH, III, #35340**
**KOURTNEY L. KECH, #37745**
**PIERCE A. RAPIN, #38579**
*Counsel for Plaintiff*

**PLEASE SERVE:**

1. **LSU Board of Supervisors**
   Through its President, William Tate IV
   104B University Administration Bldg.
   3810 W. Lakeshore Dr.
   Baton Rouge, LA 70808

2. **Louisiana Office of Risk Management**
   1201 N 3rd St.
   Baton Rouge, LA 70802

3. **Office of the Attorney General**
   1885 N 3rd St.
   Baton Rouge, A 70802

*{Remainder of Page Intentionally Left Blank}*

5

**Exhibit A**

EAST BATON ROUGE PARISH    C-720108
Filed Jun 14, 2022 3:04 PM        31
Deputy Clerk of Court

| | | |
|---|---|---|
| JOHN MATHEWS | § | 19th JUDICIAL DISTRICT COURT |
| | § | |
| v. | § | PARISH OF EAST BATON ROUGE |
| | § | |
| BOARD OF SUPERVISORS OF | § | STATE OF LOUISIANA |
| LOUISIANA STATE UNIVERSITY | § | |
| AND AGRICULTURAL & | § | |
| MECHANICAL COLLEGE D/B/A | § | |
| LOUISIANA STATE UNIVERSITY | § | |
| AT ALEXANDRIA | § | |
| | § | |
| FILED: _____ | § | DEPUTY CLERK OF COURT |

---

## AFFIDAVIT

---

STATE OF LOUISIANA

PARISH OF CALCASIEU

      BEFORE ME, undersigned authority, personally came and appeared:

**JOHN MATHEWS**
*Resident of Alexandria, Louisiana*

Who, being first duly sworn, did depose and state, based on his personal knowledge:

1. That he has read the above and foregoing petition and all of the information contained therein is true and correct to the best of his knowledge.

_____
JOHN MATHEWS

      THUS DONE AND SIGNED, before me, a Notary Public, this _____ day of _____, 2022 at my office in _____, Louisiana.

_____
NOTARY PUBLIC

6

**Exhibit A**

EAST BATON ROUGE PARISH    C-720108
Filed Jun 14, 2022 3:04 PM        31
Deputy Clerk of Court

| | | |
|---|---|---|
| JOHN MATHEWS | § | 19th JUDICIAL DISTRICT COURT |
| v. | § | PARISH OF EAST BATON ROUGE |
| | § | |
| BOARD OF SUPERVISORS OF | § | STATE OF LOUISIANA |
| LOUISIANA STATE UNIVERSITY | § | |
| AND AGRICULTURAL & | § | |
| MECHANICAL COLLEGE D/B/A | § | |
| LOUISIANA STATE UNIVERSITY | § | |
| AT ALEXANDRIA | § | |
| | § | |
| FILED: _____ | § | DEPUTY CLERK OF COURT |

---

### REQUEST FOR WRITTEN NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

TO:    THE HONORABLE DOUG WELBORN
       EAST BATON ROUGE PARISH CLERK OF COURT
       300 NORTH BOULEVARD
       BATON ROUGE, LA 70801

In accordance with the provisions of LSA – C.C.P. 1571 and 1572, you are hereby requested to give the undersigned, as counsel for the petitioner, in the above captioned matter, written notice, by mail, ten (10) days in advance of any date fixed for trial or hearing of the case, whether on exception, rules, or the merits thereof.

In accordance with the provisions of LSA C.C.P. 1914 and 1915, you are hereby additionally requested to send us immediate notice of any order or judgment made or rendered in this case on the entry of such order or judgment.

Respectfully Submitted,

SUDDUTH & ASSOCIATES, LLC
1109 Pithon St.
Lake Charles, Louisiana 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
Email: james@saa.legal

BY: _____
    JAMES E. SUDDUTH, III, #35340
    KOURTNEY L. KECH, #37745
    PIERCE A. RAPIN, #38579
    *Counsel for Plaintiff*

7.

**Exhibit A**

EAST BATON ROUGE PARISH  C-720108
Filed Jun 14, 2022 3:04 PM        31
Deputy Clerk of Court

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, Louisiana 70130
(504) 635-2531
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/17/2022

To: John Mathews
3100 Woodhollow Street
ALEXANDRIA, LA 71301

Charge No: 461-2022-00960

EEOC Representative and email:      Charlotte Davis
Senior Investigator
charlotte.davis@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 461-2022-00960.



EXHIBIT
A

**Exhibit A**

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, Louisiana, 70130
(504) 635-2531
Website: www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By: Rayford O. Irvin
03/17/2022
_____
Rayford O. Irvin
District Director

Cc:
Lynette Burlew
Director of Human Resource Management
LOUISIANA STATE UNIVERSITY OF ALEXANDRIA
8100 U.S. 71 South
Alexandria, LA 71302

James E Sudduth
Attorney at LawSUDDUTH & ASSOCIATES, L.L.C.
kristen@saa.legal

Kourtney Kech
kourtney@saa.legal

Please retain this notice for your records.

**Exhibit A**

Enclosure with EEOC Notice of Closure and Rights (Release Date)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice.** Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

**Exhibit A**

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 461-2022-00960 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor Houston, TX 77002. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

**Exhibit A**

Enclosure with EEOC Notice of Closure and Rights (Release Date)

**Exhibit A**





**Exhibit A**

EAST BATON ROUGE PARISH
Filed Jun 21, 2022 12:58 PM
Deputy Clerk of Court
FAX Received Jun 14, 2022

C-720108
31

| | | |
|---|---|---|
| JOHN MATHEWS | § | 19th JUDICIAL DISTRICT COURT |
| | § | |
| v. | § | PARISH OF EAST BATON ROUGE |
| | § | |
| BOARD OF SUPERVISORS OF | § | STATE OF LOUISIANA |
| LOUISIANA STATE UNIVERSITY | § | |
| AND AGRICULTURAL & | § | |
| MECHANICAL COLLEGE D/B/A | § | |
| LOUISIANA STATE UNIVERSITY | § | |
| AT ALEXANDRIA | § | |
| | § | |
| FILED: _____ | § | DEPUTY CLERK OF COURT |

### PLAINTIFF'S ORIGINAL PETITION

**NOW COMES** Plaintiff, **JOHN MATHEWS,** through undersigned counsel, who files his Original Complaint against Defendant, **BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL & MECHANICAL COLLEGE d/b/a LOUISIANA STATE UNIVERSITY AT ALEXANDRIA.** Plaintiff hereby states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Louisiana Employment Discrimination Law "LEDL" as it appears at La. Rev. Stat. Ann. § 23:332 *et seq.*

2. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on or about February 17, 2022 (Charge No. 461-2022-00960).

3. The EEOC issued its Notice of Suit Rights on March 17, 2022. *See* Exhibit A. Plaintiff is afforded 90 days from his receipt of such Notice to commence suit, and the date of this filing is within the statutory period.

4. Venue is appropriate in this judicial district pursuant to La. R.S. 13:5104 because Plaintiff brings this suit against an arm of the state of Louisiana and the state capitol is located herein.

### PARTIES

5. Plaintiff is a citizen of the United States and resides in the City of Alexandria, State of Louisiana.

6. Plaintiff is African American and, as such, is a member of a protected class.

7. Plaintiff is a male and, as such, is a member of a protected class.

1

**Exhibit A**

8. Defendant, **BOARD OF DIRECTORS FOR LOUISIANA STATE UNIVERSITY AND AGRICULTURAL & MECHANICAL COLLEGE ("LSU"),** represents a public university located in Baton Rouge, Louisiana. The acts complained of in this Complaint occurred in Rapides Parish, State of Louisiana, where LSU performs a significant amount of business through its Alexandria location, Louisiana State University at Alexandria ("LSUA"). At all times relevant to Plaintiff's employment, LSUA was Plaintiff's acting employer.

9. At certain times relevant to this suit, Plaintiff worked as a temporary, part-time cook for Defendant at its location in Alexandria, Louisiana, earning $12.00 per hour.

## FACTUAL ALLEGATIONS

10. Plaintiff began his employment with LSUA in July 2021.

11. Plaintiff was originally hired by a LSUA Chef, Chris Fett ("Fett") (Caucasian) as a temporary employee through an employment agency, LGC Associates, LLC ("LGC").

12. Fett explicitly told Plaintiff that, after he accumulated three-hundred (300.00) hours of employment for LSUA, Fett would purchase Plaintiff's contract from LCG so that he could roll over to a full-time cook position with LSUA.

13. Plaintiff accumulated the required three-hundred (300.00) hours to become eligible for full-time employment with LSUA on or about December 22, 2021. As a full-time employee, Plaintiff would earn two (2) dollars more per hour or $14.00 per hour.

14. On December 23, 2021, Fett met with the full-time Head Cook, Larry Brooks (African-American), the full-time Cook, Earl Long (African-American), and the full-time Cook/Evening Manager, Marco Johnson (African-American). During the meeting, Fett informed the individuals that Fett was going to hire Plaintiff as a full-time cook due to his exemplary work performance.

15. Following the December 23, 2021 meeting, Fett instructed Plaintiff to submit an online employment application for full-time status, which Plaintiff completed on or about December 29, 2021.

16. Following Plaintiff's submission of his application for full-time employment, Plaintiff informed Fett of the same via text message at 3:43 p.m.

**Exhibit A**

17. At 3:52 p.m., and to the express contrary of all prior statements and assertions made by Fett, Fett stated, "I'm not hiring, and I am doing away with all black male temp workers." *See* Exhibit B.

18. At the time of Fett's text message stating that Fett was "doing away with all black male temp workers," Plaintiff was the only male temporary worker.

19. Following Plaintiff's receipt of Fett's text message, Plaintiff contacted LGC. At that time, Plaintiff learned from LGC representative, Latasha LNU, that LSUA had altogether terminated Plaintiff's employment.

20. As of January 4, 2022, LSUA maintained an Indeed posting for the open, full-time cook position Fett had promised to Plaintiff upon his completion of three-hundred (300.00) work hours.

---

### FIRST CAUSE OF ACTION:
### RACIAL DISCRIMINATION IN EMPLOYMENT
*Pursuant to La Rev. Stat. Ann § 23:332 et seq.*

---

21. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

22. Under the LEDL, it is an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. La. R.S. 23:332(A).

23. Defendant is an "employer" subject to the provisions of the LEDL. At all relevant times, LSUA was an entity engaged in an industry affecting commerce who had twenty or more employees for at least twenty (20.0) weeks in 2020 and/or 2021.

24. Plaintiff is African-American and is therefore a member of a protected class.

25. Plaintiff was amply qualified for the position as both part-time and, upon accumulating three-hundred (300.00) work hours, as a full-time cook. Plaintiff possessed in excess of twenty (20) years in the field, and he obtained and maintained all required trainings and certifications.

26. Plaintiff was denied equal employment opportunities to that of non-African-American, non-male employees. As such, Plaintiff suffered an adverse employment action for purposes of establishing a Title VII claim.

3

**Exhibit A**

27. LSUA refused to hire Plaintiff for the full-time cook position and altogether terminated his employment in late December 2020. As such, Plaintiff suffered two (2) adverse employment actions for purposes of establishing a Title VII claim.

28. Upon good information and belief, based on disparate treatment, Plaintiff alleges that he was subjected to unlawful discrimination on the basis of his race. Plaintiff was expressly informed by LSUA personnel that, despite prior assertions to the contrary, he would not be hired for the full-time cook position because Fett was "doing away with all black male temp workers."

29. Plaintiff's race, African-American, was a determining factor in treating Plaintiff less favorably than Non-African American and/or Non-male individuals.

30. LSUA actions were willful, intentional, or were otherwise committed with deliberate indifference to the protected rights of Plaintiff.

31. Wherefore Plaintiff asks this Honorable Court to find LSUA liable for the violation of the Louisiana Employment Discrimination Law.

---

## PRAYER

---

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant providing the following relief:

(a) All damages to which Plaintiff may be entitled, including but not limited to back pay, reimbursement for lost position and training, social security and other benefits, front pay, and any and all statutory relief;

(b) Reasonable attorney's fees, with conditional awards in the event of appeal;

(c) Pre-judgment interest at the highest rate permitted by law;

(d) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

(e) Costs, including expert fees;

(f) Reasonable and necessary medical care and expenses in the past and future;

(g) Mental anguish damages in the past and future;

(h) Punitive or exemplary damages;

(i) Injunctive relief; and

(j) Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

4

**Exhibit A**

Respectfully Submitted,

**SUDDUTH & ASSOCIATES, LLC**
1109 Pithon St.
Lake Charles, Louisiana 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
Email: james@saa.legal

BY: _____

**JAMES E. SUDDUTH, III, #35340**
**KOURTNEY L. KECH, #37745**
**PIERCE A. RAPIN, #38579**
*Counsel for Plaintiff*

PLEASE SERVE:

1. **LSU Board of Supervisors**
   Through its President, William Tate IV
   104B University Administration Bldg.
   3810 W. Lakeshore Dr.
   Baton Rouge, LA 70808

2. **Louisiana Office of Risk Management**
   1201 N 3rd St.
   Baton Rouge, LA 70802

3. **Office of the Attorney General**
   1885 N 3rd St.
   Baton Rouge, A 70802

*{Remainder of Page Intentionally Left Blank}*

5

**Exhibit A**

EAST BATON ROUGE PARISH
Filed Jun 21, 2022 12:58 PM
Deputy Clerk of Court
FAX Received Jun 14, 2022

C-720108
31

| | | |
|---|---|---|
| JOHN MATHEWS | § | 19th JUDICIAL DISTRICT COURT |
| | § | |
| v. | § | PARISH OF EAST BATON ROUGE |
| | § | |
| BOARD OF SUPERVISORS OF | § | STATE OF LOUISIANA |
| LOUISIANA STATE UNIVERSITY | § | |
| AND AGRICULTURAL & | § | |
| MECHANICAL COLLEGE D/B/A | § | |
| LOUISIANA STATE UNIVERSITY | § | |
| AT ALEXANDRIA | § | |
| | § | |
| FILED: _____ | § | DEPUTY CLERK OF COURT |

## AFFIDAVIT

STATE OF LOUISIANA

PARISH OF CALCASIEU

BEFORE ME, undersigned authority, personally came and appeared:

**JOHN MATHEWS**
*Resident of Alexandria, Louisiana*

Who, being first duly sworn, did depose and state, based on his personal knowledge:

1. That he has read the above and foregoing petition and all of the information contained therein is true and correct to the best of his knowledge.

_____
JOHN MATHEWS

THUS DONE AND SIGNED, before me, a Notary Public, this _____ day of _____, 2022 at my office in _____, Louisiana.

_____
NOTARY PUBLIC

6

**Exhibit A**

EAST BATON ROUGE PARISH
Filed Jun 21, 2022 12:58 PM
Deputy Clerk of Court
FAX Received Jun 14, 2022

C-720108
31

| | | |
|---|---|---|
| JOHN MATHEWS | § | 19th JUDICIAL DISTRICT COURT |
| | § | |
| v. | § | PARISH OF EAST BATON ROUGE |
| | § | |
| BOARD OF SUPERVISORS OF | § | STATE OF LOUISIANA |
| LOUISIANA STATE UNIVERSITY | § | |
| AND AGRICULTURAL & | § | |
| MECHANICAL COLLEGE D/B/A | § | |
| LOUISIANA STATE UNIVERSITY | § | |
| AT ALEXANDRIA | § | |
| | § | _____ |
| FILED: _____ | § | DEPUTY CLERK OF COURT |

---

### REQUEST FOR WRITTEN NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED

---

TO:   THE HONORABLE DOUG WELBORN
      EAST BATON ROUGE PARISH CLERK OF COURT
      300 NORTH BOULEVARD
      BATON ROUGE, LA 70801

In accordance with the provisions of LSA – C.C.P. 1571 and 1572, you are hereby requested to give the undersigned, as counsel for the petitioner, in the above captioned matter, written notice, by mail, ten (10) days in advance of any date fixed for trial or hearing of the case, whether on exception, rules, or the merits thereof.

In accordance with the provisions of LSA C.C.P. 1914 and 1915, you are hereby additionally requested to send us immediate notice of any order or judgment made or rendered in this case on the entry of such order or judgment.

Respectfully Submitted,

SUDDUTH & ASSOCIATES, LLC
1109 Pithon St.
Lake Charles, Louisiana 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
Email: james@saa.legal

BY:_____
JAMES E. SUDDUTH, III, #35340
KOURTNEY L. KECH, #37745
PIERCE A. RAPIN, #38579
*Counsel for Plaintiff*

7

**Exhibit A**

EAST BATON ROUGE PARISH
Filed Jun 21, 2022 12:58 PM
Deputy Clerk of Court
FAX Received Jun 14, 2022

C-720108
31

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New Orleans Field Office
500 Poydras Street ,Suite809
New Orleans ,Louisiana ,70130
(504) 635-2531
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/17/2022

**To:** John Mathews
3100 Woodhollow Street
ALEXANDRIA, LA 71301

Charge No: 461-2022-00960

EEOC Representative and email:        Charlotte Davis
Senior Investigator
charlotte.davis@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 461-2022-00960.



**Exhibit A**

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New Orleans Field Office
500 Poydras Street ,Suite809
New Orleans ,Louisiana ,70130
(504) 635-2531
Website: www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By:Rayford O. Irvin
03/17/2022

Rayford O. Irvin
District Director

Cc:
Lynette Burlew
Director of Human Resource Management
LOUSIANA STATE UNIVERSITY OF ALEXANDRIA
8100 U.S. 71 South
Alexandria, LA 71302

James E Sudduth
Attorney at LawSUDDUTH & ASSOCIATES, L.L.C.
kristen@saa.legal

Kourtney Kech
kourtney@saa.legal

Please retain this notice for your records.

**Exhibit A**

Enclosure with EEOC Notice of Closure and Rights (Release Date)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice.** Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

**Exhibit A**

Enclosure with EEOC Notice of Closure and Rights (Release Date)

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.  Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 461-2022-00960 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor Houston, TX 77002. You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

**Exhibit A**

Enclosure with EEOC Notice of Closure and Rights (Release Date)

**Exhibit A**





**Exhibit A**

**RETURN COPY**



**D9274101**

## CITATION

**JOHN MATHEWS**
(Plaintiff)

**VS**

**BOARD OF SUPERVISORS OF LOUISIANA
STATE UNVERSITY AND AGRICULTURAL
& MECHANICAL COLLEGE D/B/A
LOUISIANA STATE UNIVERSITY AT
ALEXANDRIA**(Defendant)

**NUMBER C-720108  "31"**

**19TH JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **BOARD OF SUPERVISORS OF LOUISIANA STATE UNVERSITY AND AGRICULTURAL
& MECHANICAL COLLEGE D/B/A LOUISIANA STATE UNIVERSITY AT ALEXANDRIA
       THROUGH ITS PRESIDENT, WILLIAM  TATE, IV
       3810 W. LAKESHORE DR.
       BATON ROUGE,  LA 70808**

GREETINGS:

    Attached to this citation is a certified copy of a petition or other legal pleading that has been filed
with the Clerk of Court for East Baton Rouge Parish ("Clerk of Court") and in which service upon you was
requested by the filing party.  Please read the petition for information concerning any claims that may have
been asserted against you.

    Pursuant to Louisiana Code of Civil Procedure Article 1001, you are required to file an answer to the
petition or other legal pleading in the Clerk of Court's Civil Department located at 300 North Boulevard,
Suite 3301, Baton Rouge, Louisiana, and you must do so within EITHER:

1.  **21 DAYS** of the date you were served with the petition; **OR**
2.  **30 DAYS** of the date you were served with both the petition and a discovery request. (*Note: If
    no discovery request was included with your petition, you must instead adhere to the 21-day
    deadline above.)

    If you fail to file an answer or other legal pleading, a default judgment may be rendered against you.
Any questions you may have seeking legal advice should be directed to an attorney at law, not the Clerk of
Court.  This citation was issued by the Clerk of Court for East Baton Rouge Parish on JUNE 21, 2022.



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: SUDDUTH, III, JAMES E.**
*The following documents are attached:
**PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR WRITTEN NOTIC OF ASSIGNMENT AND WRITTEN
NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED**
SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as
follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of
_____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:**      After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone
legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.
I made service on the named party

SERVICE: tendering a copy of this document on this day
MILEAGE: $_____                                    Deputy Sheriff
TOTAL:  $_____                                     Parish of East Baton Rouge

JUN 29 2022                        **CITATION-2000**

Deputy Sheriff, Parish of East Baton Rouge.

**Exhibit A**

RECEIVED

JUN 2 7 2022

E.B. SHERIFF'S OFFICE

**Exhibit A**

RETURN COPY



**D9274481**

## NOTICE OF FILING

| | |
|---|---|
| **JOHN MATHEWS** <br> (Plaintiff) | **NUMBER C-720108 "31"** |
| **VS** | **19th JUDICIAL DISTRICT COURT** |
| **BOARD OF SUPERVISORS OF LOUISIANA STATE UNVERSITY AND AGRICULTURAL & MECHANICAL COLLEGE D/B/A LOUISIANA STATE UNIVERSITY AT ALEXANDRIA** <br> (Defendant) | **PARISH OF EAST BATON ROUGE** <br><br> **STATE OF LOUISIANA** |

TO:    **OFFICE OF THE ATTORNEY GENERAL**
         **1885 N 3RD ST.**
         **BATON ROUGE,  LA 70802**

GREETINGS:

You are hereby notified that a **PLAINTIFF'S ORIGINAL PETITION** was filed in our court.

Certified copy(s) is(are) attached hereto, as requested by **SUDDUTH, III, JAMES E.**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **JUNE 21, 2022**.

*Julia Gray*

*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____ , served
on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile
in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at
_____.

**DUE AND DILIGENT:**   After diligent search and inquiry, was unable to find the within named _____ or
his domicile, or anyone legally authorized to represent him.

**RETURNED:**  Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:       $_____
MILEAGE       $_____         _____
TOTAL:          $_____                  Deputy Sheriff

NOTICE OF FILING–2143   I made service at the Louisiana State Office
in the parish of East Baton Rouge, by handing
said copy on: Time:___9:40am___

JUN 2 8 2022

To: _____
_____ Mock 1691 _____
Deputy Sheriff, Parish of East Baton Rouge, LA

**Exhibit A**

RECEIVED
JUN 2 7 2022
E.B.R. SHERIFF'S OFFICE

**Exhibit A**

RETURN COPY



D9274895

## NOTICE OF FILING

**JOHN MATHEWS**
(Plaintiff)

**NUMBER C-720108 "31"**

**VS**

 **BOARD OF SUPERVISORS OF LOUISIANA STATE UNVERSITY AND AGRICULTURAL & MECHANICAL COLLEGE D/B/A LOUISIANA STATE UNIVERSITY AT ALEXANDRIA**
(Defendant)

**19th JUDICIAL DISTRICT COURT**

**PARISH OF EAST BATON ROUGE**

**STATE OF LOUISIANA**

TO:    **LOUISIANA OFFIC OF RISK MANAGEMENT**
       **1201 N. 3RD STREET**
       **BATON ROUGE,  LA 70802**

GREETINGS:

    You are hereby notified that a **PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR WRITTEN NOTICE OF ASSIGNMENT AND WRITTEN NOTICE OF ANY ORDER OR JUDGMENT MADE OR RENDERED** was filed in our court.   Certified copy(s) is(are) attached hereto, as requested by **SUDDUTH, III, JAMES E.**, Attorney.

    This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **JUNE 21, 2022**.



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____ , served on the above named party as follows:

**PERSONAL SERVICE:**  On the party herein named at _____.

**DOMICILIARY SERVICE:**  On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:**  After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:      $_____
MILEAGE       $_____              _____        I made service at the Louisiana State Office
TOTAL:        $_____                  Deputy Sheriff          in the parish of East Baton Rouge, by handing
                                                                    said copy on: Time: _10:30 AM_

NOTICE OF FILING–2143

JUN 2 8 2022

To: _Tonya Cupp_
_By Mock 1691_
Deputy Sheriff, Parish of East Baton Rouge, LA

**Exhibit A**

RECEIVED
JUN 27 2022
E.B.R. SHERIFF'S OFFICE

**Exhibit A**

TX Result Report

P    1
07/07/2022 14:26
Serial No.   AC75011000372
TC:    110365

| Addressee | Start Time | Time | Prints | Result | Note |
|-----------|------------|------|--------|--------|------|
| 913374190507 | 07-07 14:25 | 00:00:29 | 001/001 | OK | |

Note    TMR:Timer TX, POL:Polling, ORG:Original size setting, FHE:Frame Erase TX,
DPG:Page separation TX, MIX:Mixed Original TX, CALL:Manual TX, CSRC:CSRC,
FWD:Forward, PC:PC-FAX, BND:Double-sided Binding Direction, SP:Special Original,
FCODE:F-code, RTX:Re-TX, RLV:Relay, MBX:Confidential, BUL:Bulletin,
IPADR:IP Address Fax, I-FAX:Internet Fax IP-FAX:IP-FAX(SIP)

Result   OK: Communication OK, S-OK: Stop Communication, PW-OFF: Power Switch OFF,
TEL: RX from TEL, OtherERR: Other Error, Cont: Continue, No ans: No Answer,
Refuse: Receipt Refused, Busy: Busy, M-Full:Memory Full, LOVR:Receiving length Over,
POVR:Receiving page Over, FIL:File Error, DC:Decode Error, MDN:MDN Response Error,
DSN:DSN Response Error, PRINT:Compulsory Memory Document Print,
DEL:Compulsory Memory Document Delete, SEND:Compulsory Memory Document Send.



**Doug Welborn**
Clerk of Court
19ᵗʰ Judicial District
Parish of East Baton Rouge

P.O. Box 1991
Baton Rouge, La 70821-1991
Telephone: (225) 389-3982
Fax: (225) 389-3392
www.ebrclerkofcourt.org

**FAX RECEIPT**

**FROM: SUIT ACCOUNTING DEPARTMENT**                                    Date: JULY 7, 2022

**FAX NUMBER: (225) 389-3392**                                          Suit No.: C-720108

**To: JAMES E. SUDDUTH, III**                                          Section: 31

**JOHN MATHEWS VS BOARD OF SUPERVISORS OF LOUISIANA STATE UNVERSITY AND
AGRICULTURAL & MECHANICAL COLLEGE D/B/A LOUISIANA STATE UNIVERSITY AT
ALEXANDRIA**

**Total Amount Due (Includes all applicable fees below) $871.00**

6003-PARTIAL DISMISSAL -CV                                             3 PAGES
4020-SUPP AMEND PETITION-CV                                           5 PAGES

The Clerk's office received the above mentioned documents by facsimile transmission dated 7/7/22,
document(s) in the above referenced case. In accordance with R.S. 13:850(B), within seven days,
exclusive of legal holidays, the party filing the document shall forward to the clerk, the original signed
document, applicable filing fees and a transmission fee. The fax transmission fee is also required of forma
pauperis filings and filings by state/political subdivisions.

Applicable fees are established in accordance with law as follows:
13:850(B)(3) A transmission fee of five dollars
13:841(A)(2)(a) First page of each pleading, six dollars
13:841(A)(2)(b) Each subsequent page, four dollars
13:841(A)(2)(c) Paper-exhibits, attachments, transcripts and depositions-per page, two dollars
13:841(A)(4)(b) Issuing document without notice of service, fifteen dollars (Receipt generation fee)

**NO FURTHER ACTION WILL BE TAKEN REGARDING THIS DOCUMENT UNTIL ALL FEES ARE
RECEIVED IN THIS OFFICE.**

**SERVICE/SUBPOENA REQUESTS WILL NOT BE ISSUED FROM FAX FILING. SERVICE WILL BE
ISSUED AS A RESULT OF THE FILING OF THE ORIGINAL DOCUMENT(S).**

**IF MAILING ORIGINAL DOCUMENT(S), PLEASE ATTACH THIS RECEIPT TO THE DOCUMENT(S)
TO BE FILED. IF FILING THE ORIGINAL DOCUMENTS IN PERSON, PLEASE NOTIFY THE FILING
CLERK OF THE PREVIOUS FAX FILING.**

*Kodie Vincent*

*Deputy Clerk of Court for
Doug Welborn, Clerk of Court*

Suit Accounting Dept. Form #6 Rev. 08/26/14

337-419-0507

**Exhibit A**

Jul/07/2022 10:55:46 AM      13374190507->2253893392                                    1/3
To: 19th Judicial District Court          Page: 1 of 3              2022-07-07 15:39:48 GMT     13374190507           From: Sudduth and Associates LLC

EAST BATON ROUGE PARISH   C-720108
Filed Jul 07, 2022 1:17 PM            31
Deputy Clerk of Court

| | | |
|---|---|---|
| **JOHN MATHEWS** | § | **19ᵗʰ JUDICIAL DISTRICT COURT** |
| | § | |
| v.      C-720108 | § | **PARISH OF EAST BATON ROUGE** |
| | § | |
| **BOARD OF SUPERVISORS OF** | § | **STATE OF LOUISIANA** |
| **LOUISIANA STATE UNIVERSITY** | § | |
| **AND AGRICULTURAL &** | § | |
| **MECHANICAL COLLEGE D/B/A** | § | |
| **LOUISIANA STATE UNIVERSITY** | § | |
| **AT ALEXANDRIA** | § | |
| | § | |
| **FILED:** _____ | § | **DEPUTY CLERK OF COURT** |

---

### VOLUNTARY MOTION TO DISMISS BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURA & MECHANICAL COLLEGE D/B/A LOUISIANA STATE UNIVERSITY AT ALEXANDRIA WITHOUT PREJUDICE

---

NOW COMES Plaintiff, **JOHN MATHEWS**, through undersigned counsel, who respectfully moves the Court to enter an order dismissing Board of Supervisors of Louisiana State University and Agricultura & Mechanical College d/b/a Louisiana State University at Alexandria, as a Defendant from the above-captioned cause. In support of his Motion, Plaintiff states as follows:

1. After sending the requisite La. R.S. 23:303(c) notice and receiving no response within the requisite 30-day timeframe, Plaintiff initiated the instant litigation on June 14, 2022, naming Board of Supervisors of Louisiana State University and Agricultura & Mechanical College d/b/a Louisiana State University at Alexandria ("LSUA") as Defendant based upon information and belief that LSUA personnel engaged in the discriminatory failure to hire alleged in Plaintiff's Original Petition.

2. On June 17, 2022, and after Plaintiff had filed his Original Petition, counsel for Plaintiff received correspondence from Compass Group USA, Inc. d/b/a Chartwells Higher Education ("Chartwells"), wherein Chartwells indicated that LSUA contracted Chartwells to perform various food provider services and that it was Chartwells personnel, as opposed to LSUA personnel, that engaged in alleged conduct of which Plaintiff complains. In the correspondence, Chartwells indicated that Plaintiff mistakenly noted LSUA as Chris Fett's employer and that Chartwells was, in fact, the proper Defendant.

3. Upon receipt of this correspondence, Plaintiff filed his First Amended Petition, therein correcting all previous references to LSUA to properly reflect Chartwells as the party Defendant.

**Exhibit A**

4.  At this time, Plaintiff wishes to voluntarily dismiss LSUA as a Defendant from this case, without prejudice, so that he may proceed with his claims against what both LSUA and Chartwells aver was Chris Fett's employer, Chartwells.

**WHEREFORE**, Plaintiff respectfully prays that the Court enter an order dismissing LSUA as a party Defendant, without prejudice. Plaintiff further prays that the Court enter an order directing the case to be hereinafter captioned as *John Mathews v. Compass Group USA, Inc. d/b/a Chartwells Higher Education.*

Respectfully Submitted,

**SUDDUTH & ASSOCIATES, LLC**
1109 Pithon St.
Lake Charles, Louisiana 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
Email: james@sain.legal

BY: _____
**JAMES E. SUDDUTH, III, #35340**
**KOURTNEY L. KECH, #37745**
**PIERCE A. RAPIN, #38579**
*Counsel for Plaintiff*

PLEASE SERVE:

1.  **LSU Board of Supervisors**
    Through its President, William Tate IV
    104B University Administration Bldg.
    3810 W. Lakeshore Dr.
    Baton Rouge, LA 70808

2.  **Louisiana Office of Risk Management**
    1201 N 3rd St.
    Baton Rouge, LA 70802

3.  **Office of the Attorney General**
    1885 N 3rd St.
    Baton Rouge, A 70802

4.  **Compass Group USA, Inc.**
    Through its Registered Agent
    Corporation Service Company
    501 Louisiana Avenue
    Baton Rouge, LA 70802

2

**Exhibit A**

| | | |
|---|---|---|
| JOHN MATHEWS | § | 19ᵗʰ JUDICIAL DISTRICT COURT |
| v.    C-720108 | § | PARISH OF EAST BATON ROUGE |
| BOARD OF SUPERVISORS OF | § | STATE OF LOUISIANA |
| LOUISIANA STATE UNIVERSITY | § | |
| AND AGRICULTURAL & | § | |
| MECHANICAL COLLEGE D/B/A | § | |
| LOUISIANA STATE UNIVERSITY | § | |
| AT ALEXANDRIA | § | |
| FILED: _____ | § | DEPUTY CLERK OF COURT |

---

## ORDER

---

*Considering the foregoing Voluntary Motion to Dismiss Without Prejudice:*

**IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED.** Board of Supervisors of Louisiana State University and Agricultural & Mechanical College d/b/a Louisiana State University at Alexandria is hereby dismissed as a party Defendant from this matter, without prejudice.

**IT IS FURTHER ORDERED** that all further pleadings and filings in this matter bear the caption *John Mathews v. Compass Group USA, Inc. d/b/a Chartwells Higher Education.*

Signed in Baton Rouge, Louisiana this _____ day of _____, 2022.

_____
JUDGE PRESIDING

**PLEASE SERVE:**

1. **LSU Board of Supervisors**
   Through its President, William Tate IV
   104B University Administration Bldg.
   3810 W. Lakeshore Dr.
   Baton Rouge, LA 70808

2. **Louisiana Office of Risk Management**
   1201 N 3ʳᵈ St.
   Baton Rouge, LA 70802

3. **Office of the Attorney General**
   1885 N 3ʳᵈ St.
   Baton Rouge, A 70802

4. **Compass Group USA, Inc.**
   Through its Registered Agent
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

3

**Exhibit A**

EAST BATON ROUGE PARISH  **C-720108**
Filed Jul 07, 2022 1:17 PM            **31**
Deputy Clerk of Court

| | | |
|---|---|---|
| **JOHN MATHEWS** | § | **19th JUDICIAL DISTRICT COURT** |
| | § | |
| **v.    C-720108** | § | **PARISH OF EAST BATON ROUGE** |
| | § | |
| **BOARD OF SUPERVISORS OF** | § | **STATE OF LOUISIANA** |
| **LOUISIANA STATE UNIVERSITY** | § | |
| **AND AGRICULTURAL &** | § | |
| **MECHANICAL COLLEGE D/B/A** | § | |
| **LOUISIANA STATE UNIVERSITY** | § | |
| **AT ALEXANDRIA** | § | |
| | § | |
| **FILED:** _____ | § | **DEPUTY CLERK OF COURT** |

## PLAINTIFF'S FIRST AMENDED PETITION

NOW COMES Plaintiff, **JOHN MATHEWS**, through undersigned counsel, who files his

First Amended Petition to properly name Defendant, **COMPASS GROUP USA, INC. d/b/a**

**CHARTWELLS HIGHER EDUCATION.** Plaintiff hereby states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Louisiana Employment Discrimination Law "LEDL"

   as it appears at La. Rev. Stat. Ann. § 23:332 *et seq.*

2. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity

   Commission on or about February 17, 2022 (Charge No. 461-2022-00960).

3. The EEOC issued its Notice of Suit Rights on March 17, 2022. *See* Exhibit A. Plaintiff is

   afforded 90 days from his receipt of such Notice to commence suit, and the date of

   Plaintiff's Original Petition was within the 90-day period.

4. Venue is appropriate in this judicial district pursuant to La. R.S. 13:5104 because Plaintiff

   brings this suit against an arm of the state of Louisiana and the state capitol is located

   herein.

### PARTIES

5. Plaintiff is a citizen of the United States and resides in the City of Alexandria, State of

   Louisiana.

6. Plaintiff is African American and, as such, is a member of a protected class.

7. Plaintiff is a male and, as such, is a member of a protected class.

1

**Exhibit A**

8. Defendant, **COMPASS GROUP USA, INC. d/b/a CHARTWELLS HIGHER EDUCATION** ("Chartwells"), is a corporation licensed to and conducting business in the State of Louisiana. The acts complained of in this Complaint occurred in Rapides Parish, State of Louisiana, where Chartwells performs a significant amount of business. At all times relevant to Plaintiff's employment, Chartwells was Plaintiff's prospective employer.

9. At certain times relevant to this suit, Plaintiff worked as a temporary, part-time cook at Louisiana State University of Alexandria ("LSUA"), located in Alexandria, Louisiana, earning $12.00 per hour.

## FACTUAL ALLEGATIONS

10. Plaintiff was originally hired by Chartwells employee and Chef, Chris Fett ("Fett") (Caucasian) as a temporary employee through an employment agency, LGC Associates, LLC ("LGC").

11. Fett explicitly told Plaintiff that, after he accumulated three-hundred (300.00) hours of employment for Chartwells, Fett would purchase Plaintiff's contract from LCG so that he could roll over to a full-time cook position with Chartwells.

12. Plaintiff accumulated the required three-hundred (300.00) hours to become eligible for full-time employment with Chartwells on or about December 22, 2021. As a full-time employee, Plaintiff would earn $14.00 per hour.

13. On December 23, 2021, Fett met with the full-time Head Cook, Larry Brooks (African-American), the full-time Cook, Earl Long (African-American), and the full-time Cook/Evening Manager, Marco Johnson (African-American). During the meeting, Fett informed the individuals that Fett was going to hire Plaintiff as a full-time cook due to his exemplary work performance.

14. Following the December 23, 2021 meeting, Fett instructed Plaintiff to submit an online employment application for full-time status, which Plaintiff completed on or about December 29, 2021.

15. Following Plaintiff's submission of his application for full-time employment, Plaintiff informed Fett of the same via text message at 3:43 p.m.

2

**Exhibit A**

16. At 3:52 p.m., and to the express contrary of all prior statements and assertions made by Fett, Fett stated, "I'm not hiring, and I am doing away with all black male temp workers." *See* Exhibit B.

17. At the time of Fett's text message stating that Fett was "doing away with all black male temp workers," Plaintiff was the only male temporary worker.

18. Following Plaintiff's receipt of Fett's text message, Plaintiff contacted LGC. At that time, Plaintiff learned from LGC representative, Latasha LNU, that his employment had been terminated.

19. As of January 4, 2022, Chartwells maintained an Indeed posting for the open, full-time cook position Fett had promised to Plaintiff upon his completion of three-hundred (300.00) work hours.

## FIRST CAUSE OF ACTION:
## RACIAL DISCRIMINATION IN EMPLOYMENT
### *Pursuant to La Rev. Stat. Ann § 23:332 et seq.*

20. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

21. Under the LEDL, it is an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. La. R.S. 23:332(A).

22. Defendant is an "employer" subject to the provisions of the LEDL. At all relevant times, Chartwells was an entity engaged in an industry affecting commerce who had twenty or more employees for at least twenty (20.0) weeks in 2020 and/or 2021.

23. Plaintiff is African-American and is therefore a member of a protected class.

24. Plaintiff was amply qualified for the position as both part-time and, upon accumulating three-hundred (300.00) work hours, as a full-time cook. Plaintiff possessed in excess of twenty (20) years in the field, and he obtained and maintained all required trainings and certifications.

25. Plaintiff was denied equal employment opportunities to that of  non-African-American, non-male employees. As such, Plaintiff suffered an adverse employment action.

3

**Exhibit A**

26. Chartwells refused to hire Plaintiff for the full-time cook position in and altogether terminated his employment in late December 2020. As such, Plaintiff suffered two (2) adverse employment actions for purposes of establishing a Title VII claim.

27. Upon good information and belief, based on disparate treatment, Plaintiff alleges that he was subjected to unlawful discrimination on the basis of his race. Plaintiff was expressly informed by Chartwells personnel that, despite prior assertions to the contrary, he would not be hired for the full-time cook position because Fett was "doing away with all black male temp workers."

28. Plaintiff's race, African-American, was a determining factor in treating Plaintiff less favorably than Non-African American and/or Non-male individuals.

29. Chartwell's actions were willful, intentional, or were otherwise committed with deliberate indifference to the protected rights of Plaintiff.

30. Wherefore Plaintiff asks this Honorable Court to find **CHARTWELLS** liable for the violation of the Louisiana Employment Discrimination Law.

## PRAYER

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment against Defendant providing the following relief:

(a) All damages to which Plaintiff may be entitled, including but not limited to back pay, reimbursement for lost position and training, social security and other benefits, front pay, and any and all statutory relief;

(b) Reasonable attorney's fees, with conditional awards in the event of appeal;

(c) Pre-judgment interest at the highest rate permitted by law;

(d) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

(e) Costs, including expert fees;

(f) Reasonable and necessary medical care and expenses in the past and future;

(g) Mental anguish damages in the past and future;

(h) Punitive or exemplary damages;

(i) Injunctive relief; and

(j) Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

4

**Exhibit A**

Respectfully Submitted,

**SUDDUTH & ASSOCIATES, LLC**
1109 Pithon St.
Lake Charles, Louisiana 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
Email: james@sanlegal

BY: _____
**JAMES E. SUDDUTH, III, #35340**
**KOURTNEY L. KECH, #37745**
**PIERCE A. RAPIN, #38579**
*Counsel for Plaintiff*

PLEASE SERVE:

1. **LSU Board of Supervisors**
   Through its President, William Tate IV
   104B University Administration Bldg.
   3810 W. Lakeshore Dr.
   Baton Rouge, LA 70808

2. **Louisiana Office of Risk Management**
   1201 N 3rd St.
   Baton Rouge, LA 70802

3. **Office of the Attorney General**
   1885 N 3rd St.
   Baton Rouge, A 70802

4. **Compass Group USA, Inc.**
   Through its Registered Agent
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

5

**Exhibit A**

EAST BATON ROUGE PARISH
Filed Jul 11, 2022 9:04 AM
Deputy Clerk of Court
FAX Received Jul 07, 2022

C-720108
31



ORIGINAL

| | | |
|---|---|---|
| JOHN MATHEWS | § | 19th JUDICIAL DISTRICT COURT |
| | § | |
| v.    C-720108 | § | PARISH OF EAST BATON ROUGE |
| | § | |
| BOARD OF SUPERVISORS OF | § | STATE OF LOUISIANA |
| LOUISIANA STATE UNIVERSITY | § | |
| AND AGRICULTURAL & | § | |
| MECHANICAL COLLEGE D/B/A | § | |
| LOUISIANA STATE UNIVERSITY | § | |
| AT ALEXANDRIA | § | |
| | § | |
| FILED: _____ | § | DEPUTY CLERK OF COURT |

## PLAINTIFF'S FIRST AMENDED PETITION

**NOW COMES** Plaintiff, **JOHN MATHEWS,** through undersigned counsel, who files his First Amended Petition to properly name Defendant, **COMPASS GROUP USA, INC. d/b/a CHARTWELLS HIGHER EDUCATION.** Plaintiff hereby states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Louisiana Employment Discrimination Law "LEDL" as it appears at La. Rev. Stat. Ann. § 23:332 *et seq.*

2. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission on or about February 17, 2022 (Charge No. 461-2022-00960).

3. The EEOC issued its Notice of Suit Rights on March 17, 2022. *See* Exhibit A. Plaintiff is afforded 90 days from his receipt of such Notice to commence suit, and the date of Plaintiff's Original Petition was within the 90-day period.

4. Venue is appropriate in this judicial district pursuant to La. R.S. 13:5104 because Plaintiff brings this suit against an arm of the state of Louisiana and the state capitol is located herein.

### PARTIES

5. Plaintiff is a citizen of the United States and resides in the City of Alexandria, State of Louisiana.

6. Plaintiff is African American and, as such, is a member of a protected class.

7. Plaintiff is a male and, as such, is a member of a protected class.

1

**Exhibit A**

8. Defendant, **COMPASS GROUP USA, INC. d/b/a CHARTWELLS HIGHER EDUCATION** ("Chartwells"), is a corporation licensed to and conducting business in the State of Louisiana. The acts complained of in this Complaint occurred in Rapides Parish, State of Louisiana, where Chartwells performs a significant amount of business. At all times relevant to Plaintiff's employment, Chartwells was Plaintiff's prospective employer.

9. At certain times relevant to this suit, Plaintiff worked as a temporary, part-time cook at Louisiana State University of Alexandria ("LSUA"), located in Alexandria, Louisiana, earning $12.00 per hour.

## FACTUAL ALLEGATIONS

10. Plaintiff was originally hired by Chartwells employee and Chef, Chris Fett ("Fett") (Caucasian) as a temporary employee through an employment agency, LGC Associates, LLC ("LGC").

11. Fett explicitly told Plaintiff that, after he accumulated three-hundred (300.00) hours of employment for Chartwells, Fett would purchase Plaintiff's contract from LCG so that he could roll over to a full-time cook position with Chartwells.

12. Plaintiff accumulated the required three-hundred (300.00) hours to become eligible for full-time employment with Chartwells on or about December 22, 2021. As a full-time employee, Plaintiff would earn $14.00 per hour.

13. On December 23, 2021, Fett met with the full-time Head Cook, Larry Brooks (African-American), the full-time Cook, Earl Long (African-American), and the full-time Cook/Evening Manager, Marco Johnson (African-American). During the meeting, Fett informed the individuals that Fett was going to hire Plaintiff as a full-time cook due to his exemplary work performance.

14. Following the December 23, 2021 meeting, Fett instructed Plaintiff to submit an online employment application for full-time status, which Plaintiff completed on or about December 29, 2021.

15. Following Plaintiff's submission of his application for full-time employment, Plaintiff informed Fett of the same via text message at 3:43 p.m.

2

**Exhibit A**

16. At 3:52 p.m., and to the express contrary of all prior statements and assertions made by Fett, Fett stated, "I'm not hiring, and I am doing away with all black male temp workers." *See* Exhibit B.

17. At the time of Fett's text message stating that Fett was "doing away with all black male temp workers," Plaintiff was the only male temporary worker.

18. Following Plaintiff's receipt of Fett's text message, Plaintiff contacted LGC. At that time, Plaintiff learned from LGC representative, Latasha LNU, that his employment had been terminated.

19. As of January 4, 2022, Chartwells maintained an Indeed posting for the open, full-time cook position Fett had promised to Plaintiff upon his completion of three-hundred (300.00) work hours.

---

## FIRST CAUSE OF ACTION:
## RACIAL DISCRIMINATION IN EMPLOYMENT
*Pursuant to La Rev. Stat. Ann § 23:332 et seq.*

---

20. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

21. Under the LEDL, it is an unlawful employment practice for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. La. R.S. 23:332(A).

22. Defendant is an "employer" subject to the provisions of the LEDL. At all relevant times, Chartwells was an entity engaged in an industry affecting commerce who had twenty or more employees for at least twenty (20.0) weeks in 2020 and/or 2021.

23. Plaintiff is African-American and is therefore a member of a protected class.

24. Plaintiff was amply qualified for the position as both part-time and, upon accumulating three-hundred (300.00) work hours, as a full-time cook. Plaintiff possessed in excess of twenty (20) years in the field, and he obtained and maintained all required trainings and certifications.

25. Plaintiff was denied equal employment opportunities to that of non-African-American, non-male employees. As such, Plaintiff suffered an adverse employment action.

**Exhibit A**

26. Chartwells refused to hire Plaintiff for the full-time cook position in and altogether terminated his employment in late December 2020. As such, Plaintiff suffered two (2) adverse employment actions for purposes of establishing a Title VII claim.

27. Upon good information and belief, based on disparate treatment, Plaintiff alleges that he was subjected to unlawful discrimination on the basis of his race. Plaintiff was expressly informed by Chartwells personnel that, despite prior assertions to the contrary, he would not be hired for the full-time cook position because Fett was "doing away with all black male temp workers."

28. Plaintiff's race, African-American, was a determining factor in treating Plaintiff less favorably than Non-African American and/or Non-male individuals.

29. Chartwell's actions were willful, intentional, or were otherwise committed with deliberate indifference to the protected rights of Plaintiff.

30. Wherefore Plaintiff asks this Honorable Court to find **CHARTWELLS** liable for the violation of the Louisiana Employment Discrimination Law.

---

### PRAYER

---

**WHEREFORE**, Plaintiff requests that this Honorable Court enter judgment against Defendant providing the following relief:

(a) All damages to which Plaintiff may be entitled, including but not limited to back pay, reimbursement for lost position and training, social security and other benefits, front pay, and any and all statutory relief;

(b) Reasonable attorney's fees, with conditional awards in the event of appeal;

(c) Pre-judgment interest at the highest rate permitted by law;

(d) Post-judgment interest from the judgment until paid at the highest rate permitted by law;

(e) Costs, including expert fees;

(f) Reasonable and necessary medical care and expenses in the past and future;

(g) Mental anguish damages in the past and future;

(h) Punitive or exemplary damages;

(i) Injunctive relief; and

(j) Such other and further relief, at law or in equity, to which Plaintiff may be entitled.

4

**Exhibit A**

Respectfully Submitted,

**SUDDUTH & ASSOCIATES, LLC**
1109 Pithon St.
Lake Charles, Louisiana 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
Email: james@saa.legal

BY: _____

**JAMES E. SUDDUTH, III, #35340**
**KOURTNEY L. KECH, #37745**
**PIERCE A. RAPIN, #38579**
*Counsel for Plaintiff*

**PLEASE SERVE:**

1. **LSU Board of Supervisors**
   Through its President, William Tate IV
   104B University Administration Bldg.
   3810 W. Lakeshore Dr.
   Baton Rouge, LA 70808

2. **Louisiana Office of Risk Management**
   1201 N 3rd St.
   Baton Rouge, LA 70802

3. **Office of the Attorney General**
   1885 N 3rd St.
   Baton Rouge, A 70802

4. **Compass Group USA, Inc.**
   Through its Registered Agent
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

5

**Exhibit A**

EAST BATON ROUGE PARISH
Filed Jul 11, 2022 9:04 AM
Deputy Clerk of Court
FAX Received Jul 07, 2022

C-720108
31



ORIGINAL

| | | |
|---|---|---|
| JOHN MATHEWS | § | 19th JUDICIAL DISTRICT COURT |
| | § | |
| v.    C-720108 | § | PARISH OF EAST BATON ROUGE |
| | § | |
| BOARD OF SUPERVISORS OF | § | STATE OF LOUISIANA |
| LOUISIANA STATE UNIVERSITY | § | |
| AND AGRICULTURAL & | § | |
| MECHANICAL COLLEGE D/B/A | § | |
| LOUISIANA STATE UNIVERSITY | § | |
| AT ALEXANDRIA | § | |
| | § | |
| FILED: _____ | § | DEPUTY CLERK OF COURT |

---

**VOLUNTARY MOTION TO DISMISS BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURA & MECHANICAL COLLEGE D/B/A LOUISIANA STATE UNIVERSITY AT ALEXANDRIA WITHOUT PREJUDICE**

**NOW COMES** Plaintiff, **JOHN MATHEWS,** through undersigned counsel, who respectfully moves the Court to enter an order dismissing Board of Supervisors of Louisiana State University and Agricultura & Mechanical College d/b/a Louisiana State University at Alexandria, as a Defendant from the above-captioned cause. In support of his Motion, Plaintiff states as follows:

1. After sending the requisite La. R.S. 23:303(c) notice and receiving no response within the requisite 30-day timeframe, Plaintiff initiated the instant litigation on June 14, 2022, naming Board of Supervisors of Louisiana State University and Agricultura & Mechanical College d/b/a Louisiana State University at Alexandria ("LSUA") as Defendant based upon information and belief that LSUA personnel engaged in the discriminatory failure to hire alleged in Plaintiff's Original Petition.

2. On June 17, 2022, and after Plaintiff had filed his Original Petition, counsel for Plaintiff received correspondence from Compass Group USA, Inc. d/b/a Chartwells Higher Education ("Chartwells"), wherein Chartwells indicated that LSUA contracted Chartwells to perform various food provider services and that it was Chartwells personnel, as opposed to LSUA personnel, that engaged in alleged conduct of which Plaintiff complains. In the correspondence, Chartwells indicated that Plaintiff mistakenly noted LSUA as Chris Fett's employer and that Chartwells was, in fact, the proper Defendant.

3. Upon receipt of this correspondence, Plaintiff filed his First Amended Petition, therein correcting all previous references to LSUA to properly reflect Chartwells as the party Defendant.

**Exhibit A**

4. At this time, Plaintiff wishes to voluntarily dismiss LSUA as a Defendant from this case, without prejudice, so that he may proceed with his claims against what both LSUA and Chartwells aver was Chris Fett's employer, Chartwells.

**WHEREFORE,** Plaintiff respectfully prays that the Court enter an order dismissing LSUA as a party Defendant, without prejudice. Plaintiff further prays that the Court enter an order directing the case to be hereinafter captioned as *John Mathews v. Compass Group USA, Inc. d/b/a Chartwells Higher Education.*

Respectfully Submitted,

**SUDDUTH & ASSOCIATES, LLC**
1109 Pithon St.
Lake Charles, Louisiana 70601
Tel: (337) 480-0101
Fax: (337) 419-0507
Email: james@saa.legal

BY: _____
**JAMES E. SUDDUTH, III, #35340**
**KOURTNEY L. KECH, #37745**
**PIERCE A. RAPIN, #38579**
*Counsel for Plaintiff*

**PLEASE SERVE:**

1. **LSU Board of Supervisors**
   Through its President, William Tate IV
   104B University Administration Bldg.
   3810 W. Lakeshore Dr.
   Baton Rouge, LA 70808

2. **Louisiana Office of Risk Management**
   1201 N 3rd St.
   Baton Rouge, LA 70802

3. **Office of the Attorney General**
   1885 N 3rd St.
   Baton Rouge, A 70802

4. **Compass Group USA, Inc.**
   Through its Registered Agent
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

2

**Exhibit A**

| JOHN MATHEWS | § | 19th JUDICIAL DISTRICT COURT |
|---|---|---|
| | § | |
| v.    C-720108 | § | PARISH OF EAST BATON ROUGE |
| | § | |
| BOARD OF SUPERVISORS OF | § | STATE OF LOUISIANA |
| LOUISIANA STATE UNIVERSITY | § | |
| AND AGRICULTURAL & | § | |
| MECHANICAL COLLEGE D/B/A | § | |
| LOUISIANA STATE UNIVERSITY | § | |
| AT ALEXANDRIA | § | |
| | § | |
| FILED: _____ | § | DEPUTY CLERK OF COURT |

## ORDER

*Considering the foregoing Voluntary Motion to Dismiss Without Prejudice:*

**IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED.** Board of Supervisors of Louisiana State University and Agricultural & Mechanical College d/b/a Louisiana State University at Alexandria is hereby dismissed as a party Defendant from this matter, without prejudice.

**IT IS FURTHER ORDERED** that all further pleadings and filings in this matter bear the caption *John Mathews v. Compass Group USA, Inc. d/b/a Chartwells Higher Education.*

Signed in Baton Rouge, Louisiana this **12th** day of **July** , 2022.

*Tiffany L. Foxworth-Roberts*
_____
JUDGE PRESIDING
**Judge Tiffany Foxworth-Roberts**

**PLEASE SERVE:**

1. **LSU Board of Supervisors**
   Through its President, William Tate IV
   104B University Administration Bldg.
   3810 W. Lakeshore Dr.
   Baton Rouge, LA 70808

2. **Louisiana Office of Risk Management**
   1201 N 3rd St.
   Baton Rouge, LA 70802

3. **Office of the Attorney General**
   1885 N 3rd St.
   Baton Rouge, A 70802

4. **Compass Group USA, Inc.**
   Through its Registered Agent
   Corporation Service Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

**I HEREBY CERTIFY THAT ON THIS DAY A NOTICE OF SIGNING OF THE JUDGMENT WAS MAILED BY ME, WITH SUFFICIENT POSTAGE AFFIXED, TO ALL PARTIES DONE AND SIGN ON July 15, 2022**

*Tanura Hunter*
_____
**DEPUTY CLERK OF COURT**

3

**Exhibit A**